No. 1395.—ERNEST MOREL, Testamentary Executor, *v.* L. SURGI et al.

Where the legatee or his assignee has obtained possession of money and assets of the succession in violation of law, and the executor brings suit to recover the same for the benefit of the estate, the legatee cannot set up in defense that his possession was in payment of the legacy.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *Henry C. Miller* for defendant and appellant. *L. Castera* for plaintiff and appellee.

TALIAFERRO, J.   The plaintiff in his representative capacity sues L. Surgi and another for the sum of twenty-five hundred dollars and for the recovery of sundry promissory notes, all of which, he alleges, were taken out of his possession as executor, fraudulently by defendants, and by their use of false representations and charges to intimidate and overreach him.

There was no answer filed in the case and final judgment was rendered in default in conformity with the prayer of the petition.

It seems that the plaintiff as executor of the estate of Rosaline Perche, who died in 1859, proceeded under his appointment to sell a part of the property, to discharge the debts and pay the legacies—of which there were two—one to Jean Abelard and another to his sister Eugenie Satout, the amount given to each being $3,000. In May, 1860, he filed a provisional account, which was homologated. This account shows that only the sum of $118 34 remained to be applied in part payment of the legacies. In October, 1861, the legatees assigned their interest in the succession to Louis Surgi, one of the defendants in this case, who from that time figures prominently in the litigation that subsequently arose. Rules were taken upon the executor for the production of his bank book, and to compel him to sell the remaining property of the succession. These rules seem to have been complied with. After the occupation of New Orleans by the Federal forces, provost marshal courts were established in the city. Before one of these courts, presided over by Judge Bell, the defendant Surgi, in November, 1862, made an affidavit in which he purported to detail, at much length, the proceedings of the executor in his administration of the estate, charging him with resistance to his claims, with delay and chicanery, and concludes by saying " that under all these circumstances affiant verily believes that Ernest Morel has embezzled and appropriated to his own use the money and assets or part of the money and assets of the aforesaid succession of Rosaline Perche, wife of H. Bistes, which is an offense provided for by our criminal laws."

The plaintiff avers that through fear of an illegal arrest and being drawn into court upon a groundless charge of being guilty of a criminal offense, he delivered to Surgi the entire assets of the estate, consisting of—

| | |
|---|---:|
| Cash | $2,545 25 |
| Mortgage notes of Planchard | 766 66 |
| Notes of Freret | 916 66 |
| A note of $500 endorsed by Fortier | 500 00 |
| | $4,728 57 |

Surgi thereupon instituted suits upon the notes of Planchard and Freret. They excepted to the proceedings against them on the ground that he was not the legal owner of the notes and could not stand in judgment. The exceptions were sustained. In January, 1865, Surgi took a rule in the Second District Court against the executor to show cause why he should not be ordered to pay over the balance due on the legacies and to reimburse him the expenses incurred in prosecuting the suits against debtors of the estate. The executor excepted, and no final action seems to have been taken on the rule.

On the eighth of February, 1865, the executor filed his final account, and on the twenty-fifth of that month it was homologated so far as it was not opposed. Several oppositions were filed; one by Surgi, another by Poutz, a creditor, and a third by Bistes, husband of the testatrix, claiming the marital portion. These oppositions were disposed of, and the account finally homologated on the thirtieth November following. By this judgment there was reserved to the executor all his rights against L. Surgi, one of the opponents, to compel him to refund any money he may have received arising out of the succession of Mrs. Perche.

We see no error in the judgment of the lower court. It is shown by the proceedings had upon the final account, that upon the opposition of Poutz, a mortgage creditor for $1740, with interest and costs, and on that of Bistes, the surviving husband, claiming the marital portion, the court sustained these claims and ordered the latter to be paid over all other claims except those of creditors, and by preference and priority, over the claims of the legatees. The order homologating this account was rendered on the thirtieth of November, 1865, and as it appears, was never appealed from, and is therefore final. The pretense that the assets of the succession extorted by indirection from the executor, was a payment made upon the legacies, can receive no sanction from this court.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.